Wood, J.
Did the court err in nonsuiting the plaintiff? An examination of the authorities has led us to the opinion that no-error was committed. The note was not shown .by the proof to-be the joint and several note of the defendant and Bridgman, and, therefore, it did not support the cause,of action as laid. The authorities cited, to show that the undertaking of Griffith was original and not collateral, are cases where the name was indorsed upon the note at the time of its execution or in pursuance of an agreement to be responsible from the date of the note. In the case at bar it was not shown when Griffith’s indorsement was made, but, from the (acts in evidence, it is fair to presume that bis name was indorsed on the note, not at the time, but after its execution by Bridgman. We think it is a question of intention between the parties, and therefore hold:
1. That the mere indorsement upon a note, of a stranger’s name in blank, is prima facie evidence of guaranty.
2. To charge such person as a maker, there must be proof that his indorsement was made at the time of execution by the other-party, or, if afterward, that it was in pursuance of an agreement or intention that he should become responsible from the date of the execution.
*3. Such agreement or intention may bo proved by parol..
4. 'The rule is the same whether the instrument be negotiable or not. Motion overruled.